IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD A. LECHLITER, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Civil Action No. 04-814-KAJ |
| ) | |
| DEPARTMENT OF THE ARMY, and ) | |
| THE SECRETARY OF THE ARMY, ) | |
| Honorable Francis J. Harvey ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S UNOPPOSED MOTION TO STAY PROCEEDINGS

1. Defendant respectfully requests that the Court stay proceedings in this matter to allow the Army to process plaintiff's revised Privacy Act Amendment Request (PAAR). Counsel for the defendant has spoken to plaintiff, and he consents to this stay of proceedings.

2. On April 1, 2002, plaintiff submitted a Privacy Act Amendment Request to the U.S. Army Personnel Command. In that request, plaintiff made 43 separate requests for amendments to various personnel records. Counsel for the defendant has contacted plaintiff, and he is willing to submit a revised PAAR, clarifying his amendment requests. The Army is willing to reprocess plaintiff's revised PAAR. Defendant therefore requests that the Court stay proceedings in this case to give the Army an opportunity to process plaintiff's revised PAAR.

3. The parties agree that, in processing plaintiff's revised PAAR, defendant is required to comply with the provisions of Army Regulation 340-21, The Army Privacy Program. The processing timelines will start when the Assistant United States Attorney assigned to this case receives plaintiff's revised PAAR. Army Regulation 340-21 contains the following

guidance with respect to processing records amendment requests:

2-11. Procedures

1. *a.* Requests to amend a record should be addressed to the custodian or system manager of that record. The request must reasonably describe the record to be amended and the changes sought (that is, deletion, addition, or amendment). The burden of proof rests with the requester; therefore, the alteration of evidence presented to courts, boards, and other official proceedings is not permitted. (An individual acting for the requester must supply a written consent signed by the requester.)

*b.* The custodian or system manager will acknowledge the request within 10 workdays and make final responses within 30 workdays.

*c.* The record for which amendment is sought must be reviewed by the proper system manager or custodian for accuracy, relevance, timeliness, and completeness to assure fairness to the individual in any determination made about that individual on the basis of that record.

*d.* If the amendment is proper, the custodian or system manager will physically amend the record by adding or deleting information, or destroying the record or a portion of it. He or she will notify the requester of such action.

*e.* If the amendment is not justified, the request and all relevant documents, including reasons for not amending, will be forwarded to the proper AARA within 5 workdays; the requester will be notified.

*f.* The AARA, on the basis of the evidence, either will amend the record and notify the requester and the custodian or deny the request and inform the requester of —

(1) Reasons for not amending.

(2) His or her right to seek further review by the DA Privacy Review Board (through the AARA).

*g.* On receipt of an appeal from a denial to amend, the AARA will append any additional records or background information that substantiates the refusal or renders the case complete and, within 5 workdays of receipt, forward the appeal to the DA Privacy Review Board.

*h.* The DA Privacy Review Board, on behalf of the Secretary of the Army, will complete action on a request for further review within 30 workdays of its receipt by the AARA. The General Counsel may authorize an additional 30 days when unusual circumstances and good cause so warrant. The Board may seek additional information, including the appellant's official personnel file, if relevant and necessary to decide the appeal.

(1) If the Board determines that amendment is justified, it will amend the record and notify the requester, the AARA, the custodian of the record, and any prior recipients of the record.

(2) If the Board denies the request, it will obtain the General Counsel's concurrence. Response to the appellant will include reasons for denial and the appellant's right to file a statement of disagreement with the Board's action and to seek judicial review of the Army's refusal to amend.

*I*. Statements of disagreement will be an integral part of the record to which they pertain so the fact that the record is disputed is apparent to anyone who may have access to, use of, or need to disclose from it. The disclosing authority may include a brief summary of the Board's reasons for not amending the disputed record. The summary will be limited to the reasons stated to the individual by the Board.

4. Section 2-11(h) of Regulation 340-21 provides that the General Counsel may authorize an additional 30 days for the DA Privacy Review Board to complete action on a request for review of a determination by the AARA. The parties agree that the defendant will not invoke this regulatory authority to authorize the DA Privacy Review Board to have an additional 30 days.

5. Within 30 days after final action on plaintiff's revised PAAR, the parties will file with the Court a copy of the action taken by the Army, along with a motion setting forth their respective positions as to whether this case should be dismissed or placed on the Court's active docket.

6. If a stay of proceedings in this case is granted, the Court shall retain jurisdiction over this matter during the stay, and may enter such further orders as it deems just and proper.

7. The parties agree that the entry of this stay is without prejudice to any rights Plaintiff may have to seek damages and/or costs.

For the foregoing reasons, the defendant respectfully requests that the Court grant this unopposed motion to stay proceedings.

                                  Respectfully submitted,

                                  COLM F. CONNOLLY
                                United States Attorney

                          BY: /s/ Leonard P. Stark

| OF COUNSEL: | LEONARD P. STARK |
|---|---|
| MAJOR REBECCA AUSPRUNG | Assistant United States Attorney |
| United States Army Litigation Division | Delaware Bar I.D. No. 3584 |
| 901 N. Stuart Street, Suite 400 | Nemours Building |
| Arlington, VA 22203 | 1007 N. Orange St., Ste. 700 |
| | P.O. Box 2046 |
| | Wilmington, Delaware 19899-2046 |
| | (302) 573-6277 |

                                  Attorneys for the Defendant

March 31, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD A. LECHLITER,<br>        Plaintiff.<br>        v.<br>DEPARTMENT OF THE ARMY, and<br>THE SECRETARY OF THE ARMY,<br>Honorable Francis J. Harvey<br>        Defendants. | )<br>)<br>)   Civil Action No. 04-814-KAJ<br>)<br>)<br>)<br>) |

### ORDER

Based on the Defendants' Unopposed Motion for a Stay in this matter,

IT IS HEREBY ORDERED that the Unopposed Motion for a Stay in this matter filed by the Department of the Army and the Secretary of the Army is GRANTED. The Army will process plaintiff's revised Privacy Act Amendment Request (PAAR) in accordance with Army Regulation 340-21, beginning when plaintiff provides a copy of the revised PAAR to counsel for the defendant. However, defendant agrees that the General Counsel will not invoke its authority under section 2-11(h) of Regulation 340-21 to authorize an additional 30 days for review by the DA Privacy Review Board. Within 30 days after final action on plaintiff's revised PAAR, the parties will file with the Court a copy of the action taken by the Army, along with a motion setting forth their respective positions as to whether this case should be dismissed or placed on the Court's active docket. The Court retains jurisdiction over this matter during the stay, and may enter such further orders as it deems just and proper. Entry of this Order is without prejudice to any rights plaintiff may have to seek damages and/or costs.

SO ORDERED this ___ day of _____, 2006:

_____
Honorable Kent A. Jordan
United States District Court Judge