IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD A. LECHLITER, | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) Civil Action No. 04-814-*** |
| | ) |
| DEPARTMENT OF THE ARMY, and | ) |
| THE SECRETARY OF THE ARMY, | ) |
| Honorable Francis J. Harvey | ) |
| | ) |
| Defendants. | ) |

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), it is hereby stipulated and agreed to by and between the respective parties that the above-captioned case be dismissed with prejudice, each party to bear their own costs, and the Court may enter an Order accordingly, notice by the Clerk being hereby waived. On November 22, 2006, the parties entered into an agreement to resolve amicably the claims raised in this suit. Attachment A. All terms of the settlement agreement have been satisfied. Accordingly, the underlying controversy in this action has been resolved. The parties respectfully request entry of the attached order of dismissal.

*Pro se* plaintiff Gerald Lechliter has authorized undersigned counsel to represent that Mr. Lechliter agrees to this Joint Stipulation of Dismissal with Prejudice.

Respectfully Submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
LEONARD P. STARK
Assistant United States Attorney
Delaware Bar I.D. No. 3584
Nemours Building
1007 N. Orange St., Ste. 700
P.O. Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277

OF COUNSEL:
LIEUTENANT COLONEL JOSEPH FETTERMAN
United States Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, VA 22203

Attorneys for the Defendant

April 27, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD A. LECHLITER, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Civil Action No. 04-814-*** |
| ) | |
| DEPARTMENT OF THE ARMY, and ) | |
| THE SECRETARY OF THE ARMY, ) | |
| Honorable Francis J. Harvey ) | |
| ) | |
| Defendants. ) | |

**ORDER**

AND NOW, this ____ day of _____ 2007, it is hereby **ORDERED** that the above-captioned case is dismissed with prejudice. This case is now **CLOSED**.

_____
United States District Judge

# Attachment A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GERALD A. LECHLITER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-1729C |
| ) | (Judge Firestone) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## SETTLEMENT AGREEMENT

To resolve matters at issue in the above action and in a second action in the U.S. District Court for the District of Delaware (*Lechliter v. Department of the Army*, Case No. 04-814), without any further judicial proceedings and without there being any trial or adjudication of any issue of law or fact, and without constituting an admission of liability on the part of the defendant, and for no other purpose, the parties stipulate and agree as follows:

1.  Mr. Lechliter served as an Army officer and retired from Active Duty pursuant to a longevity retirement. His last day on Active Duty was May 31, 1999.

2.  On December 2, 2004, Mr. Lechliter filed this suit requesting conversion of his longevity retirement to a disability retirement, back pay, and other relief.

3.  On July 1, 2004, Mr. Lechliter filed *Lechliter v. Department of the Army*, Case No. 04-814 ("the district court suit"), requesting a declaratory judgment that the Army violated the Privacy Act, a court ordered correction of his military

records or processing of his Privacy Act amendment request, and damages in the amount of $1,000.00.

4. The parties subsequently entered into negotiations designed to resolve amicably the claims raised in Mr. Lechliter's Court of Federal Claims suit and the district court suit. Mr. Lechliter has offered to settle these cases in exchange for (1) conversion of his longevity retirement to a disability retirement at a percentage of 70%, retroactive to January 1, 2003; and (2) payment by the United States of back pay in the total amount of $30,000.00, inclusive of any interest to which he might be entitled, with each party to bear its own costs, attorney fees, and expenses.

5. Mr. Lechliter's offer has been accepted on behalf of the Attorney General.

6. Upon satisfaction of the terms set forth in paragraph 4, Mr. Lechliter agrees to join with the United States in stipulating to the dismissal of the Court of Federal Claims lawsuit and the district court suit with prejudice.

7. Upon satisfaction of the terms set forth in paragraph 4, Mr. Lechliter releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of, related to, or otherwise involved in these two cases, regardless of whether they were included in the complaints, including but not limited to any

2

claims for costs, expenses, attorney fees, and damages of any sort. Mr. Lechliter further releases, waives, and abandons any and all rights and other claims (including all past, pending and potential future claims) that he may have against the United States, the military and individual Federal officials, acting in any capacity arising from Mr. Lechliter's relationship with the military.

8. This agreement is in no way related to or concerned with income or other taxes for which Mr. Lechliter is now liable or may become liable in the future as a result of this agreement. Notwithstanding this provision, nothing in this agreement prohibits Mr. Lechliter from filing amended income tax returns with regard to his Federal income tax, or income taxes levied by other jurisdictions, with regard to tax years 2003 or later. Mr. Lechliter warrants that he will not attempt to recover, and will not accept, refunds of Federal income tax, or income taxes levied by other jurisdictions, that derive from the change in Mr. Lechliter's retirement status, from longevity to disability, with regard to tax years 1999-2002.

9. Upon satisfaction of the terms set forth in paragraph 4, the Government releases, waives, and abandons all claims against Mr. Lechliter arising out of or related to the change in his retirement status from longevity to disability, except for (1) any tax liability, as discussed in paragraph 8, and (2) fraud,

3

regardless of whether they were included in the pleadings, including but not limited to all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

10. Mr. Lechliter agrees to forgo any claim to any type of back pay or allowances from the military and will not accept any payment of back pay and/or allowances from the military (other than the payment that will be made pursuant to this settlement agreement).

11. Mr. Lechliter warrants and represents that no other action or suit with respect to the claims advanced in these suits is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Mr. Lechliter further warrants and represents that he has made no assignment or transfer of all or any part of his rights arising out of or relating to the claims advanced in these suits. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this agreement shall be refunded promptly by Mr. Lechliter, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes payment; and Mr. Lechliter's disability retirement will be converted back to a longevity retirement.

12. This agreement is for the purpose of settling these cases, and for no other. Accordingly, this agreement shall not

4

bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this agreement. It is expressly agreed and understood that no aspect of this agreement represents, or may be taken to indicate, any policy of, or interpretation of law or regulation by, the Department of the Army, the Department of Defense, or the United States.

13. This document constitutes a complete integration of the agreement between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

AGREED TO:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

*(signature)*
GERALD A. LECHLITER
44 Harborview Road
Lewes, DE 19958-1244
Tele: (302) 644-7872
Fax: (302) 644-7571

*(signature)*
KATHRYN A. BLEECKER
Assistant Director
Authorized Representative
of the Attorney General

*(signature)*
THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division

5

```
                                      Department of Justice
                                      Attn: Classification Unit
                                            8th Floor
                                      1100 L Street, N.W.
                                      Washington, DC  20530
                                      Tele: (202) 307-6289
                                      Fax:  (202) 514-7969

                                      OF COUNSEL:

                                      MAJ REBECCA AUSPRUNG
                                      U.S. Army Litigation Division

                                      Attorneys for Defendant
```

DATED: 11/21/06 Dated hy REL   DATED: 11/22/06

6

## CERTIFICATE OF SERVICE

I, Theresa A. Jordan, an employee with the United States Attorney's Office, hereby certify that on April 27, 2007, I electronically filed the foregoing:

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

with the Clerk of the Court using the CM/ECF and served plaintiff via First Class Mail as follows:

>Mr. Gerald A. Lechliter, *pro se*
>44 Harborview Road
>Lewes, DE 19958

*/s/ Theresa A. Jordan*